CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAY 09 2006
JOHN F. CORCORAN, CLERK
BY: /s/ McDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JERRY LEE KEEN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:06cv00259 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JUDGE TERESA CHAFFIN, | ) | By: Hon. Jackson L. Kiser |
| Defendant. | ) | Senior United States District Judge |

Plaintiff Jerry Lee Keen, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Keen alleges that the defendant, Judge Teresa Chaffin should not have imposed the sentence in his criminal trial in December 2005, because she had previously recused herself from his case due to a conflict of interests. Keen fails to make any claim for relief. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

Judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983 for acts committed within their judicial discretion, even if such acts were allegedly done either maliciously or corruptly. Pierson v. Ray, 386 U.S. 547 (1967); King v. Myers, 973 F.2d

1

354, 356 (4 th Cir. 1992). Keen alleges only that the defendant improperly issued a sentence following his criminal conviction. As the imposition of a criminal sentence is clearly one of the normal functions performed by a judge, the defendant is entitled to absolute immunity from civil liability. See Stump v. Sparkman, 435 U.S. 349, 357 (1978).

### III.

Based on the foregoing,, I find that these allegations must be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 9th day of May, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge